NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH E. HOPKINS,<br><br>    Petitioner,<br><br>  vs.<br><br>SUSAN L. HUBBARD, Warden,<br><br>    Respondents. | No. C 07-5624 JF (PR)<br><br>ORDER GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE<br><br>(Docket No. 2) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 8, 2008, the Court granted Petitioner's request for an extension of time to submit a completed in forma pauperis application with supporting documentation. Petitioner has now filed a completed in forma pauperis application. The Court will GRANT Petitioner's motion to proceed in forma pauperis (docket no. 2) and order Respondent to show cause why the petition should not be granted.

///

///

///

Order Granting Petitioner's Motion to Proceed in Forma Pauperis; Order to Show Cause
P:\pro-se\sj.jf\hc.07\Hopkins624ifposc        1

**STATEMENT**

Petitioner entered a <u>nolo</u> <u>contendere</u> plea in Napa Superior Court to two counts of lewd and lascivious acts on a child under the age of fourteen, pursuant to California Penal Code section 288(a). Petitioner is currently serving his state prison sentence at the California Medical Facility in Vacaville, California. Petitioner appealed his conviction. The state appellate court affirmed the judgment on June 22, 2007. The state supreme court denied a petition for review on August 29, 2007. The instant federal habeas petition was filed on November 6, 2007.

**DISCUSSION**

A.   <u>Standard of Review</u>

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.   <u>Petitioner's Claim</u>

Petitioner alleges that he was denied due process under the Fourteenth Amendment to the United States Constitution when the trial court was confronted with substantial evidence of his incompetence and failed to conduct a competency hearing. Liberally construed, Petitioner's claim is sufficient to require a response. The Court orders Respondent to show cause why the petition should not be granted.

**CONCLUSION**

1.   Petitioner's motion to proceed in forma pauperis (docket no. 2) is GRANTED.

2.   The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of

1  the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

2      3.    Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

    If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving a copy on Respondent within **thirty days** of his receipt of the answer.

    4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

    5.    It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  Petitioner must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  2/1/08

JEREMY FOGEL
United States District Judge

1  A copy of this ruling was mailed to the following:

2

3  Keith E. Hopkins
   F-38525
   California Medical Facility
4  P.O. Box 2000
   Vacaville, CA  95696

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Petitioner's Motion to Proceed in Forma Pauperis; Order to Show Cause
P:\pro-se\sj.jf\hc.07\Hopkins624ifposc           4