1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GERALD A. ENGLER
Senior Assistant Attorney General
4 | PEGGY S. RUFFRA
Supervising Deputy Attorney General
5 | SARA TURNER
Deputy Attorney General
6 | State Bar No. 117315
  455 Golden Gate Avenue, Suite 11000
7 | San Francisco, CA 94102-7004
  Telephone: (415) 703-5712
8 | Fax: (415) 703-1234
  Email: sara.turner@doj.ca.gov
9 | Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **KEITH E. HOPKINS,** | C 07-5624 JF (PR) |
| Petitioner, | |
| v. | |
| **SUSAN L. HUBBARD, Warden,** | |
| Respondent. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER**

# TABLE OF CONTENTS

| | Page |
|---|---|
| STATEMENT OF THE CASE | 1 |
| STATEMENT OF FACTS | 2 |
| STANDARD OF REVIEW | 3 |
| ARGUMENT | |
| **THE STATE COURT REASONABLY DETERMINED THAT NO COMPETENCY HEARING WAS REQUIRED** | |
| A. Applicable Law | 3 |
| B. The State Court Proceedings | 5 |
| C. The State Court's Finding Was Not Unreasonable | 6 |
| CONCLUSION | 8 |

# TABLE OF AUTHORITIES

Page

**Cases**

*Amaya-Ruiz v. Stewart*
121 F.3d 486 (9th Cir.1997) ... 4

*Bishop v. United States*
350 U.S. 961 (1956) ... 3

*Boag v. Raines*
769 F.2d 1341 (9th Cir. 1985) ... 4

*Drope v. Missouri*
420 U.S. 162 (1975) ... 7

*Dusky v. United States*
362 U.S. 402 (1960) ... 4

*Hernandez v. Ylst*
930 F.2d 714 (9th Cir. 1991) ... 7

*Lockyer v. Andrade*
538 U.S. 63 (2003) ... 3

*Pate v. Robinson*
383 U.S. 375 (1966) ... 4

*Pate v. Robinson*
383 U.S. 375 (1966) ... 3

*People v. Koontz*
27 Cal. 4th 1041 (2007) ... 5

*People v. Marsden*
2 Cal.3d 118 (1970) ... 6

*People v. Romero*
13 Cal.4th 497 (1996) ... 6

*Torres v. Prunty*
223 F.3d 1103 (9th Cir.2000) ... 5

*United States v. Lewis*
991 F.2d 524 (9th Cir.1993) ... 4

*Woodford v. Visciotti*
537 U.S. 19 (2002) ... 3

# TABLE OF AUTHORITIES  (continued)

**Page**

**Constitutional Provisions**

California Constitution
    Article I, sections 7, 15, and 17 — 5

United States Constitution
    Fifth — 4
    Sixth — 4
    Eighth — 4
    Fourteenth — 4

**Statutes**

Antiterrorism and Effective Death Penalty Act of 1996 — 3

California Penal Code
    § 288(a) — 1
    § 1367 — 4
    § 1367(a) — 4
    § 1368 — 4

Rule 5 of the Rules Governing Section 2254 Cases — 2

United States Code, Title 28
    § 2254 — 2
    § 2254(d) — 7
    § 2254(d)(1) — 3

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  SARA TURNER
   Supervising Deputy Attorney General
6  State Bar No. 117315
     455 Golden Gate Avenue, Suite 11000
7    San Francisco, CA 94102-7004
     Telephone: (415) 703-5712
8    Fax: (415) 703-1234
     Email: sara.turner@doj.ca.gov
9  Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **KEITH HOPKINS,** | C 07-5624 JF (PR) |
| Petitioner, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER** |
| v. | |
| **SUSAN L. HUBBARD, Warden,** | |
| Respondent. | |

## STATEMENT OF THE CASE

On July 17, 2006, petitioner pleaded no contest to two counts of committing a lewd or lascivious act upon a child under the age of 14. Cal. Penal Code § 288(a). CT 34, 35–37; RT 333–56. On August 14, 2006, the trial court sentenced petition to five years in state prison. CT 175–78.

On June 22, 2007, the California Court of Appeal affirmed the judgment. Ex. 6, attached Ex. A.[1/] On August 29, 2007, the California Supreme Court denied review. Ex. 7. On November

---

1. The California Court of Appeal opinion is attached to the Petition for Review as Ex. A.

1  6, 2007, petitioner filed the instant federal habeas corpus petition under 28 U.S.C. § 2254, raising
2  the following issue: the trial court violated his due process rights by not initiating competency
3  proceedings after being confronted with substantial evidence of incompetence prior to sentencing.
4  Petition at 6.

5  On February 1, 2008, this Court issued an Order to Show Cause, directing respondent to
6  answer pursuant to Rule 5 of the Rules Governing Section 2254 Cases.

**STATEMENT OF FACTS**

The statement of facts is derived from the preliminary examination.[2/] Officer Hunter, a police detective with the City of Napa, was assigned to conduct an investigation at Child Protective Services (CPS) in Napa. RT 202. On March 17, 2006, Officer Hunter observed John Doe, who was thirteen years old, being interviewed by a CPS employee. RT 202–03. Doe stated that the he and his family, along with petitioner, had lived together at "Catholic Charities," which is located in Napa. RT 204. In August of 2005, Doe and petitioner had a conversation about the size of petitioner's penis. RT 205. Doe stated that over a period of time, he verbally harassed petitioner. RT 214–15. Two weeks later, petitioner gave Doe oral sex in a bedroom. RT 205. Doe stated that he had asked petitioner if he could "suck his penis." RT 217. The following morning, petitioner again performed oral sex with Doe and ejaculated in Doe's mouth. RT 206. As for a third incident, in September of 2005, petitioner was babysitting Doe at Doe's residence in Napa and petitioner performed oral sex on Doe. RT 206–07. The fourth incident occurred two weeks before Thanksgiving of 2005, while petitioner was at Doe's residence. RT 207–08.

Officer Hunter prepared a photographic line-up and petitioner was positively identified by Doe as having committed the acts. RT 208. Petitioner admitted to two of the four incidents of oral sex, indicating that it was Doe who performed oral sex on petitioner. RT 210.

---

2. The issue raised in the petition for writ of habeas corpus does not relate to the facts of the offenses.

**STANDARD OF REVIEW**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which imposes a "highly deferential" standard for evaluating state court rulings and "demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). Under AEDPA, the federal court has no authority to grant habeas relief unless the state court's ruling was "contrary to, or involved an unreasonable application of," clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). A decision constitutes an unreasonable application of Supreme Court law only if the state court's application of law to the facts is not merely erroneous, but "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The petitioner bears the burden of showing that the state court's decision was unreasonable. *Visciotti*, 537 U.S. at 25.

**ARGUMENT**

**THE STATE COURT REASONABLY DETERMINED THAT NO COMPETENCY HEARING WAS REQUIRED**

Petitioner contends that the trial court violated his due process rights by not initiating competency proceedings at sentencing, after evidence was presented that allegedly raised a doubt about his competence. Petition at 13. Specifically, petitioner points to two references in the probation officer's report that was prepared for his upcoming sentencing hearing. Pet. 6; CT 40.[3/] As the state court of appeal reasonably concluded, there is no merit to the claim that the trial court abused its discretion by not initiating competency proceedings at the time of sentencing because there was insufficient evidence to raise a doubt about petitioner's competence. Ex. 6 at Ex. A, at 3-5.

**A.  Applicable Law**

A defendant who is mentally incompetent cannot be tried or sentenced. *Pate v. Robinson,* 383 U.S. 375, 378 (1966); *Bishop v. United States,* 350 U.S. 961 (1956). The conviction of a legally

---

3. Consistent with his state court appeal, petition raises no claim of incompetency during any other aspect of the trial court proceedings, including during the entry of the plea.

incompetent person violates due process and where the evidence raises a bona fide doubt about the defendant's competency, due process requires that a full competency hearing be held. *Pate v. Robinson*, 383 U.S. 375 (1966).

A bona fide doubt exists if there is "'substantial evidence of incompetence,'" *Amaya-Ruiz v. Stewart*, 121 F.3d 486, 489 (9th Cir.1997) (quoting *United States v. Lewis*, 991 F.2d 524, 527 (9th Cir.1993)). The defendant is incompetent if he lacks "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam). The kind of evidence that the Ninth Circuit has required to suggest incompetence is "either extremely erratic and irrational behavior during the course of the trial, *e.g., Tillery v. Eyman*, 492 F.2d 1056, 1057-58 (9th Cir. 1974) (defendant screamed throughout the nights, laughed at the jury, made gestures at the bailiff, disrobed in the courtroom and butted his head through a glass window), or lengthy histories of acute psychosis and psychiatric treatment, *e.g., Moore v. United States*, 464 F.2d 663, 665 (9th Cir. 1972) (defendant repeatedly hospitalized for acute mental illness and hallucinations)." *Boag v. Raines*, 769 F.2d 1341, 1343 (9th Cir. 1985).

California follows the same standards as *Pate* under California Penal Code sections 1367[4/] and 1368.[5/] "The state trial and appellate courts' findings that the evidence did not require a

---

4. A person cannot be tried or adjudged to punishment while mentally incompetent. Cal. Pen. Code § 1367(a).

5. California Penal Code § 1368 provides:
(a) If, during the pendency of an action and prior to judgment, a doubt arises in the mind of the judge as to the mental competence of the defendant, he or she shall state that doubt in the record and inquire of the attorney for the defendant whether, in the opinion of the attorney, the defendant is mentally competent. If the defendant is not represented by counsel, the court shall appoint counsel. At the request of the defendant or his or her counsel or upon its own motion, the court shall recess the proceedings for as long as may be reasonably necessary to permit counsel to confer with the defendant and to form an opinion as to the mental competence of the defendant at that point in time.
(b) If counsel informs the court that he or she believes the defendant is or may be mentally incompetent, the court shall order that the question of the defendant's mental competence is to be determined in a hearing which is held pursuant to Sections 1368.1 and 1369. If counsel informs the court that he or she

Mem. of Points and Authorities in Support of Answer - *Hopkins v. Hubbard* - C 07-5624 JF (PR)

4

competency hearing under *Pate* are findings that the evidence did not require a competency hearing are findings of fact to which we must defer unless they are 'unreasonable' within the meaning of 28 U.S.C. § 2254(d)(2)." *Torres v. Prunty*, 223 F.3d 1103, 1105 (9th Cir.2000).

**B.   The State Court Proceedings**

To support his claim of incompetence, petitioner points to two references in the probation officer's sentencing report. Petition at 6. In the personal information section, the report indicates the probation officer checked a box that stated, "Mental Health Issues: Yes," and below this the sentence appears, "Diagnosis: Mentally incompetent." CT 40. The two references fall in the "personal data section," along with petitioner's address, employment, place of birth, and marital status. 1CT 40. The evidence suggests that it was petitioner who provided the information that he had mental health issues, but there clearly is no substantial evidence included within the report to suggest a legal finding of "incompetency." There are no other references in the probation officer's report as to petitioner's competence and, similarly, there is no indication in the earlier portion of the record that petitioner was declared incompetent.

At the sentencing hearing, after submission of the probation report to the court and counsel, the following discussion took place:

> The Court:         Okay. Have both counsel received a copy of the probation officer's report?
>
> [Defense Counsel]: Yes, Your Honor.
>
> The Court:         Any comments from either counsel?
>
> [Defense Counsel]: No, Your Honor. It appears to comport with the plea agreement.
>
> The Court:         Mr. [prosecutor]?
>
> [The Prosecutor]:  Submitted, Your Honor.
>
> The Court:         Is there any legal cause why sentencing should not be pronounced.

---

believes the defendant is mentally competent, the court may nevertheless order a hearing. Any hearing shall be held in the superior court.

1       [Defense Counsel]: No, Your Honor.

2 RT 405–06.

3       During the imposition of sentence, petitioner made his own request to speak:

4       [Petitioner]:    I would like to fire my attorney. I would also like to file for a
5       *Romero* plea.[6/] I was unjustly represented by my attorney.

6       [Defense Counsel]: It looks like he wants a *Marsden* motion at this time.

7 RT 407-08.

8       Thereafter, the court conducted a hearing outside of the presence of the prosecutor

9 pursuant to *People v. Marsden*, 2 Cal.3d 118 (1970). RT 407-08.[7/] Following the hearing, which

10 was denied, petitioner was sentenced to five years in prison, which was consistent with the plea

11 agreement. RT 353–56 [plea agreement]; 408–10 [imposition of sentence].

12

13     **C.**    **The State Court's Finding Was Not Unreasonable**

14       It is apparent that the references in the probation report were not intended to be evidence

15 that the probation officer had made a determination that petitioner had a mental disease. After

16 interviewing petitioner, the probation officer made the following recommendation:

17       Therefore, in the matter of KEITH EDWARD HOPKINS, it is respectfully
      recommended that probation be DENIED, and the defendant be committed to
18       the custody of the Director of the State Department of Corrections for a period
      prescribed by law. . . .
19

20 CT 40.[8/]

21

22 ─────────────────────────────────

      6. *People v. Romero*, 13 Cal.4th 497 (1996).
23
      7. The transcript of the proceeding is confidential pursuant to California Rules of Court, rule
24 8.328, subdivision (b). Although the additional document was reviewed by the state Court of
Appeal (Ex. 6 attached Ex. A), appellant did not put the *Marsden* proceeding at issue and, pursuant
25 to California Rules of Court rule 8.328, subdivision (b)(4), is not available to the attorney general.

26

27       8. Indeed, there is no evidence to support a conclusion that the probation officer had the
expert qualifications to render a "diagnosis" that petitioner was incompetent under the relevant legal
28 standard.

Mem. of Points and Authorities in Support of Answer - *Hopkins v. Hubbard* - C 07-5624 JF (PR)

The state Court of Appeal considered and addressed the report's references and found,

> These brief notations are obviously not intended to be reports to the court of the outcome of a medical examination by the probation officer, and are apparently derived from an interview with appellant and information provided by him to the probation officer. Although appellant may have told the probation officer he was mentally incompetent, that is a mere contention, and not evidence of incompetency sufficient to require a competency hearing under section 1368. (See *Deere, supra*, 41 Cal.3d at p. 358, *Welch, supra*, 20 Cal.4th at p. 740; *Jones, supra*, 53 Cal.3d at p. 1152.)

Ex. 7, at ex. A at 4.

The record further establishes that following the submission of the report the trial court did not have a substantial or bona fide doubt as to petitioner's competence and defense counsel did not allege a concern as to petitioner's competency. The trial court observed petitioner's demeanor and conduct throughout the entire criminal proceedings as well as in the subsequent in camera *Marsden* hearing and had ample opportunity to assess petitioner's ability to understand the nature of the criminal proceedings. *See Hernandez v. Ylst*, 930 F.2d 714, 718 (9th Cir. 1991) ("We deem significant the fact that the trial judge, government counsel, and [defendant's] own attorney did not perceive a reasonable cause to believe [defendant] was incompetent."); *Drope v. Missouri*, 420 U.S. 162, 181 (1975). At the sentencing hearing, petitioner was able to address a legal issue with the judge and communicate his dissatisfaction about his attorney and present circumstances.

In sum, the trial court did not have a substantial or bona fide doubt as to petitioner's competence following receipt of the probation report and, therefore, a competency hearing before sentencing was not required. Hence, petitioner's due process rights were not violated. The California Court of Appeal did not unreasonably apply Supreme Court precedent in concluding that the court did not violate petitioner's due process rights by not scheduling this matter for a competency hearing. Ex. 6 at Ex. A, at 1. The state court's factual determination should be upheld as it was not unreasonable. 28 U.S.C. § 2254(d)(2).

# CONCLUSION

Accordingly, respondent respectfully requests that the petition for writ of habeas corpus be denied.

Dated:  April 18, 2008

                    Respectfully submitted,

                    EDMUND G. BROWN JR.
                    Attorney General of the State of California

                    DANE R. GILLETTE
                    Chief Assistant Attorney General

                    GERALD A. ENGLER
                    Senior Assistant Attorney General

                    PEGGY S. RUFFRA
                    Supervising Deputy Attorney General


                    /s/   SARA TURNER
                    Deputy Attorney General

                    Attorneys for Respondent