1
2
3
4
5
6
7
8                           NOT FOR CITATION

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  KEITH E. HOPKINS,                )    No. C 07-05624 JF (PR)
                                     )
13             Petitioner,           )    ORDER DENYING PETITION FOR
                                     )    WRIT OF HABEAS CORPUS
14      vs.                          )
                                     )
15                                   )
    SUSAN L. HUBBARD, Warden,        )
16                                   )
               Respondent.           )
17  _____ )

18

19      Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254.  The Court found that the petition stated cognizable claims

21  and ordered Respondent to show cause why the petition should not be granted.

22  Respondent filed an answer addressing the merits of the petition, and Petitioner filed a

23  traverse.  Having reviewed the papers and the underlying record, the Court concludes that

24  Petitioner is not entitled to relief based on the claims presented and will deny the petition.

25

26                          **BACKGROUND**

27      In March of 2006, Petitioner was charged with four counts of violating California

28  Penal Code § 288(a), involving lewd and lascivious acts with a minor.  On July 17, 2006,

1   Petitioner entered a plea of no contest to two of the counts, and the remaining charges
2   were dismissed.

3       On August 14, 2006, the state trial court sentenced Petitioner to a five-year prison
4   term. Petitioner immediately moved to discharge his attorney under People v. Marsden,
5   465 P.2d 44 (1970). The trial court denied the motion and concluded the hearing. On
6   appeal, Petitioner argued that the trial court had violated his due process rights in failing
7   to hold a competency hearing. The state appellate court affirmed the trial court's
8   judgment, and the California Supreme Court summarily denied Petitioner's petition for
9   review. Petitioner filed the instant federal petition on November 6, 2007.

10

11                                **DISCUSSION**

12   **I.   Standard of Review**

13       This Court will entertain a petition for a writ of habeas corpus "in behalf of a
14   person in custody pursuant to the judgment of a State court only on the ground that he is
15   in custody in violation of the Constitution or laws or treaties of the United States." 28
16   U.S.C. § 2254(a). The petition may not be granted with respect to any claim adjudicated
17   on the merits in state court unless the state court's adjudication of the claim: "(1) resulted
18   in a decision that was contrary to, or involved an unreasonable application of, clearly
19   established federal law, as determined by the Supreme Court of the United States; or (2)
20   resulted in a decision that was based on an unreasonable determination of the facts in
21   light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

22       "Under the 'contrary to' clause, a federal habeas court may grant the writ if the
23   state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a
24   question of law or if the state court decides a case differently than [the] Court has on a set
25   of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-413
26   (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the
27   writ if the state court identifies the correct governing legal principle from [the] Court's
28   decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

1   at 413.  "[A] federal habeas court may not issue the writ simply because that court

2   concludes in its independent judgment that the relevant state-court decision applied

3   clearly established federal law erroneously or incorrectly.  Rather, that application must

4   also be unreasonable."  Id. at 411.

5      "[A] federal habeas court making the 'unreasonable application' inquiry should

6   ask whether the state court's application of clearly established federal law was

7   'objectively unreasonable.'"  Id. at 409.  In examining whether the state court decision

8   was objectively unreasonable, the inquiry may require analysis of the state court's method

9   as well as its result.  Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003).  The

10  standard for "objectively unreasonable" is not "clear error" because "[t]hese two

11  standards . . . are not the same.  The gloss of error fails to give proper deference to state

12  courts by conflating error (even clear error) with unreasonableness."  Lockyer v.

13  Andrade, 538 U.S. 63, 75 (2003).

14     A federal habeas court may grant the writ if it concludes that the state court's

15  adjudication of the claim "results in a decision that was based on an unreasonable

16  determination of the facts in light of the evidence presented in the State court

17  proceeding."  28 U.S.C. § 2254(d)(2).  The court must presume correct any determination

18  of a factual issue made by a state court unless the petitioner rebuts the presumption of

19  correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

20     Where, as here, the highest state court to consider Petitioner's claims issued a

21  summary opinion which does not explain the rationale of its decision, federal review

22  under § 2254(d) is of the last state court opinion to reach the merits.  See Ylst v.

23  Nunnemaker, 501 U.S. 797, 801-06 (1991); Bains v. Cambra, 204 F.3d 964, 970-71, 973-

24  78 (9th Cir. 2000).  In this case, the last state court opinion to address the merits of

25  Petitioner's claims is the opinion of the California Court of Appeal.  (Resp't Ex. 6, Pet.

26  For Review, Ex. A (People v. Hopkins, Case No. A115150 (Jun. 22, 2007).)

27  **II**.   **Legal Claims and Analysis**

28     Petitioner alleges that his Fourteenth Amendment right to due process of law was

1   violated by the failure of the state trial court to hold a hearing to determine whether he

2   was mentally competent to stand trial, despite substantial evidence showing that he was

3   incompetent.

4          A criminal defendant may not be tried unless he is competent.  Godinez v. Moran,

5   509 U.S. 389, 396 (1993).  The conviction of a defendant while legally incompetent

6   violates due process.  Cacoperdo v. Demosthenes, 37 F.3d 504, 510 (9th Cir. 1994).  The

7   test for competency to stand trial is whether the defendant demonstrates the ability "to

8   consult with his lawyer with a reasonable degree of rational understanding" and a

9   "rational as well as factual understanding of the proceedings against him."  Godinez, 509

10  U.S. at 396; Douglas v. Woodford, 316 F.3d 1079, 1094 (9th Cir. 2003); see also United

11  States v. Friedman, 366 F.3d 975, 981 (9th Cir. 2004) (upholding finding of

12  incompetency where defendant's paranoid schizophrenia did not affect his understanding

13  of the proceedings against him, but prevented him from working with his attorney to

14  assist in his defense).   The California standard is similar.  See Cal. Penal Code § 1367

15  (defining defendants who are "unable to understand the nature of the criminal

16  proceedings or to assist counsel in the conduct of a defense in a rational manner" as

17  mentally incompetent).  The standard for competency to stand trial is lower than the

18  standard for capacity to commit a crime, and persons with limited or diminished mental

19  capacity are not necessarily incompetent to stand trial.  Hoffman v. Arave, 455 F.3d 926,

20  938 (9th Cir. 2006), judgment vacated in part on other grounds by Arave v. Hoffman, 552

21  U.S. 117 (2008) (per curiam).

22         Due process requires a trial court to order a psychiatric evaluation or conduct a

23  competency hearing sua sponte if the court has a good faith doubt concerning the

24  competency of a defendant.  Pate v. Robinson, 383 U.S. 375, 385 (1966); Cacoperdo, 37

25  F.3d at 510; see also Davis v. Woodford, 384 F.3d 628, 644 (9th Cir. 2004) (calling a

26  claim of trial court error for failing to conduct a competency hearing a "procedural

27  incompetence claim").  This standard is "clearly established Federal law, as determined

28  by the Supreme Court" within the meaning of 28 U.S.C. § 2254(d)(1).  Torres v. Prunty,

1   223 F.3d 1103, 1107 (9th Cir. 2000) (citing Pate, 383 U.S. at 385).

2          A good faith doubt about the competency of a defendant arises only if there is

3   substantial evidence of incompetency. Cacoperdo, 37 F.3d at 510 (denial of motion for

4   psychiatric evaluation did not render trial fundamentally unfair where petitioner made

5   single conclusory allegation he suffered from mental illness); see also Davis, 384 F.3d at

6   645-46 (defendant's decision to wear jail clothing and to refuse to sit at counsel table

7   during most of penalty phase of capital trial was not substantial evidence of

8   incompetency, where defendant acknowledged risks of his behavior and rationally

9   weighed those risks against likelihood he would prejudice himself by having an outburst

10  if he sat at the table); Odle v.Woodford, 238 F.3d 1084, 1087-89 (9th Cir. 2001) (granting

11  writ due to failure to conduct competency hearing, where reasonable jurist would have

12  had good faith doubt of defendant's competency in light of a history of massive

13  lobectomy, followed by severe personality change and series of psychiatric

14  hospitalizations; a suicide attempt while in jail awaiting trial; and expert testimony

15  describing defendant's extensive brain damage); Torres, 223 F.3d at 1110 (habeas relief

16  granted under 28 U.S.C. § 2254(d)(2) because state court's denial of competency hearing

17  was based on an unreasonable factual findings); United States v. Loyola-Dominguez, 125

18  F.3d 1315, 1318 (9th Cir. 1997) (when a trial court is presented with evidence that creates

19  a "bona fide doubt" about whether the defendant was competent to stand trial, due

20  process requires that the court hold a competency hearing).

21         Several factors are relevant in determining whether a hearing is necessary,

22  including evidence of a defendant's irrational behavior, his demeanor at trial, and any

23  prior medical opinion on competency to stand trial. Id. Even one of these factors

24  standing alone may, in some circumstances, be sufficient to create a reasonable doubt

25  regarding the competency of a defendant. Id. at 1319 (due process required a hearing to

26  ascertain whether defendant was competent to stand trial where he attempted suicide on

27  eve of trial). "In reviewing whether a state trial judge should have conducted a

28  competency hearing, we may consider only the evidence that was before the trial judge."

1  McMurtrey v. Ryan, 539 F.3d 1112, 1119 (9th Cir. 2008); Amaya-Ruiz v. Stewart, 121 F.

2  3d 486, 489 (9th Cir. 1997); United States v. Lewis, 991 F.2d 524, 527 (9th Cir. 1993).

3       Here, Petitioner's claim that there was substantial evidence of his mental

4  incompetency is based on two items in the probation report which was prepared in

5  connection with his sentencing hearing: 1) in the "Personal Data" section of the report,

6  the probation officer checked "Yes" next to the phrase "Mental Health Issues"; and 2)

7  directly below the first item, the probation officer wrote "Mentally incompetent" by the

8  word "Diagnosis."  (Pet. at 6; Resp't Ex. 1 at 40.)

9       The state appellate court reviewed the trial record and found that the trial court

10  acted reasonably in deciding not to hold a competency hearing for Petitioner because

11  there was insubstantial evidence showing that Petitioner was incompetent.  (Resp't Ex. 6,

12  Ex. A.)  The state appellate court reasoned that "[t]hese brief notations" on the probation

13  report were not the result of the probation officer's medical examination of Petitioner, but

14  merely the result of an interview in which Petitioner "may have told the probation officer

15  he was mentally incompetent."  (Id. at 3-4.)  Though Petitioner contended that the

16  probation report was "an inherently reliable source," the court explained that the

17  probation report was reliable only in that it "reflect[s] what the probation officer learned

18  from [Petitioner]."  (Id. at 4.)  The state appellate court concluded that Petitioner's

19  assertion to the probation officer that he was mentally incompetent was inadequate to

20  constitute "substantial evidence" that would require a competency hearing.  (Id.)

21       The state appellate court also noted that the sentencing hearing transcript shows

22  that the trial court as well as Petitioner's counsel already had considered Petitioner's

23  mental health status, and that neither suggested that Petitioner should receive a

24  competency hearing.  (Id. at 4-5.)  Specifically, the state appellate court noted that during

25  Petitioner's Marsden hearing, at which only Petitioner, his counsel, and the trial judge

26  were present, Petitioner "raised the issue of possibly asserting a mental incompetency

27  defense," explaining that he already received Social Security Disability benefits as a

28  result of a mental disability.  (Id. at 5.)  Counsel then stated that he was aware that

1  Petitioner was receiving Social Security Disability benefits and had considered whether

2  Petitioner's mental health disabilities affected his competency.  (Id.)  Counsel also

3  explained that he already had "retained a doctor to examine [Petitioner]" and that doctor

4  had concluded that although Petitioner did have some mental health issues, he was

5  competent to stand trial.  (Id.; Trav., Ex. A.)  Finally, Petitioner's counsel stated that he

6  had disclosed the results of his investigation, including the doctor's report, to the

7  prosecution, which then offered the plea bargain that Petitioner accepted.  (Resp't. Ex. 6,

8  Ex. A. at 5.)

9       This Court agrees that the trial court committed no error by not holding a

10  competency hearing.  The evidence as to Petitioner's mental incompetency was not

11  substantial.  Although Petitioner may suffer from some form of mental illness, as is noted

12  in various reports, (see Trav. Ex. A, B & C), the evidence before the trial court was

13  insufficient to raise a good faith doubt as to Petitioner's competency, and thus did not

14  warrant a hearing.  See Cacoperdo, 37 F.3d at 510.

15       The notations in the probation report upon which Petitioner relies were not the

16  result of a clinical examination but rather were the apparent product of an interview of

17  Petitioner by a probation officer.  Neither speculation as to the meaning of the notations

18  nor Petitioner's personal assertion that he was mentally incompetent is sufficient to

19  support Petitioner's due process claim.  As the state appellate court explained, evidence

20  from a "more trustworthy, professional and neutral source" is required for such a showing:

21  "Otherwise, every claim by a defendant as to his incompetence, regardless of his true

22  mental competence, would be sufficient to require such a hearing.  The law requires

23  substantial evidence, not a mere claim, in order to mandate such a hearing."  (Resp't Ex. 6,

24  Ex. A at 4 (citations omitted).)

25       Moreover, it appears that an assessment of Petitioner's competency in fact was

26  performed by a "trustworthy, professional, and neutral source," a clinical psychologist

27  retained by Petitioner's counsel for the purpose of assessing Petitioner's mental

28  competency.  (Trav., Ex. A.)  The psychologist unequivocally stated that Petitioner was

1  mentally competent:

2      > With regard to the forensic issues, it is my opinion that he is competent
       within the meaning of [California Penal Code §] 1367. He can articulate
3      the charges, the behaviors that led to them and the potential consequences if
       found guilty. He is capable of cooperating in discussing the case, knows
4      the pleas available to him and trusts that you are working in his best interest
       and feels that you have a good relationship.

5

6  (Id. at 4.) As noted by the state appellate court, both the trial court and Petitioner's

7  counsel inquired as to Petitioner's mental competency, and neither found sufficient cause

8  to hold a competency hearing. (Resp't Ex. 6, Ex. A at 4-5.)

9      This Court concludes that Petitioner's constitutional rights were not violated by the

10 state trial court's decision not to hold a competency hearing. Accordingly, the state

11 courts' decisions denying Petitioner's claim were not contrary to, or an unreasonable

12 application of, clearly established Supreme Court precedent, nor were they based on an

13 unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C.

14 § 2254(d)(1), (2).

15

16                                    **CONCLUSION**

17     The Court concludes that Petitioner has failed to show any violation of his federal

18 constitutional rights in the underlying state court proceedings. Accordingly, the petition

19 for writ of habeas corpus is DENIED. The Clerk shall enter judgment and close the file.

20     IT IS SO ORDERED.

21 Dated:   10/22/09
                                        _____
22                                      JEREMY FOGEL
                                        United States District Judge
23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KEITH E HOPKINS,

               Petitioner,

  v.

SUSAN L. HUBBARD, Warden,

               Defendant.

Case Number: CV07-05624 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____11/5/09_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Keith E. Hopkins F-38525
California Medical Facility
PO Box 2000
Vacaville, CA 95696

Dated: ____11/5/09_____

                              Richard W. Wieking, Clerk